## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE SIMMONS,<br><br>      Plaintiff,<br><br>v.<br><br>KEENON JACKSON (A/K/A "YG"),<br>UNIVERSAL MUSIC GROUP,<br>INTERSCOPE RECORDS,<br>DEF JAM RECORDINGS,<br>JOHN DOES 1-20, fictitious persons,<br>and, XYZ CORPORATIONS 1-20,<br>fictitious entities,<br>      Defendants. | Civil Action No.<br><br><br>**COMPLAINT AND JURY DEMAND** |

  Plaintiff, Tyrone Simmons (hereinafter "Plaintiff" or "Simmons"), by way of his attorneys, Offit Kurman, P.A., hereby states by way of Complaint, as follows:

### NATURE OF THE ACTION

  1. This is an action for the for the knowing, direct, contributory, and vicarious infringement by the Defendants named herein of Simmons' copyrights to the composition and sound recording entitled "*LoCo*" ("Original Copyrighted Work") in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* (hereinafter the "Copyright Act").

  2. As set forth herein, Defendants infringed upon Plaintiff's original copyrighted work in their recording and release of a hit song, "*Go Loko*" in the rap/hip-hop genre that incorporated substantial aspects of Plaintiff's recording including its distinctive vocal hook and chorus, and well as certain lyrical and musical aspects as set forth herein.

1

3. Defendants at all times had ready access to Plaintiff's original copyrighted work as it had been actively promoted, sold and viewed on the internet for approximately four (4) years prior to Defendants' release of the alleged infringing work.

4. The First Infringing Recording was released on or about May 3, 2019.

5. The First Infringing Recording, which was a track on Defendant Keenon Jackson's 2019 album *4Real 4Real*, was one of the top selling popular music singles in 2019, with sales totaling more than (2) million copies to date. The First Infringing Recording included high profile features of rap/hip-hop artists known popularly as Tyga and Jon Z.

6. Since the success of the First Infringing Recording, it has been re-recorded and released in "re-mixed" versions by various popular recording artists in the rap/hip-hop genre and has been the subject of extensive live concert, television and other promotion and performance since its original release (hereinafter "Subsequent Infringing Recordings").

7. Both the First Infringing Recording and the Subsequent Infringing Recordings entitled "Go Loko" have used the identical, or nearly identical, instrumental work to that which is contained in Plaintiff's composition and recording, Loco.

8. Upon information and belief, the Defendants' infringing recording has been publicly performed in numerous live performances between 2019 and the present, contrary to Simmons' rights, each of which constitutes additional infringing acts.

9. This action is brought to remedy Defendants' collective, repeated violation of applicable federal and state copyright laws in connection with the continued sale, reproduction, dissemination and/or public performance of the *Go Loko* in contravention of Simmons' exclusive, protected rights in the work, constituting both violations of the Act and the tort of

unfair competition. Simmons seeks actual damages arising from the copyright violations, or, in the alternative, enhanced statutory damages.

10. Simmons also seeks damages for unjust enrichment and injunctive and declaratory relief to preclude further dissemination of each of the infringing recordings, pending a resolution of this matter.

## JURISDICTION AND VENUE

11. This Court has both Federal Question and Diversity jurisdiction over this matter.

12. Federal Question jurisdiction is established as this action arises under the United States Copyright Act, 17 U.S.C. § 101, *et seq.*

13. Diversity of Citizenship is established because Plaintiff and Defendants are diverse parties, and the amount in controversy exceeds $75,000, exclusive of costs and interests. Plaintiff Simmons is a citizen of the state of South Carolina, Defendants are citizens of the State of New York and the State of California. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

14. Venue is proper in this jurisdiction as Defendants regularly do business in this jurisdiction and place products in the stream of commerce in this District.

## THE PARTIES

15. Plaintiff Simmons is an individual and resident of the State of South Carolina.

16. Defendant Keenon Jackson (known by the stage/performance name "YG"), an individual and resident of the State of California is a rap/hip-hop recording artist that released the First Infringing Recording and Subsequent Infringing Recordings. At all times relevant hereto, Defendant Jackson was directly involved with the promotion, marketing and sale of the First Infringing Recording and Subsequent Infringing Recordings.

17. Defendant Universal Music Group ("UMG"), headquartered in New York, distributed and promoted the recording that infringed upon Simmons' copyright in the composition and recording Loco. At all times relevant hereto, UMG was directly involved with the promotion, marketing and sale of the First Infringing Recording and Subsequent Infringing Recordings.

18. Defendant Interscope Records ("Interscope") is a record company, a subsidiary of UMG, and a corporation based in the State of California, which distributed and promoted one or more recordings that infringed on Simmons' copyright. At all times relevant hereto, Interscope was directly involved with the promotion, marketing and sale of the recording that infringed upon Plaintiff's copyrighted work.

19. Defendant Def Jam Recordings ("Def Jam") is a record company, a subsidiary of UMG, and a corporation based in the State of New York, which distributed and promoted the recording that infringed upon Simmons' copyright. At all times relevant hereto, Def Jam was directly involved with the promotion and marketing and sale of the recording that infringed upon Plaintiff's copyrighted work.

20. Defendants John Does 1-10 corporations are currently unknown individuals and/or entities that may be responsible for certain infringing acts and/or other tortious conduct complained of herein, either individually or as agents or affiliates of one or more of the defendants named herein.

21. Defendants XYZ 1-10 corporations are fictitious entities that are currently unknown, and based upon information and belief, are affiliates of the corporate defendants named herein and/or may also be responsible for certain of the infringing acts and/or other tortious conduct complained of herein.

## FACTS COMMON TO ALL COUNTS

22. Plaintiff Simmons is a musical artist in the genre of hip-hop and rap with a substantial online presence, who also regularly performs live music in venues throughout the United States.

23. Since 2005, Plaintiff, whose stage (or performance) name is "Young Caliber," has launched a promising professional rap music career and has, in the interim, built a strong following.

24. Plaintiff has been successfully writing, recording, promoting and releasing copyrighted musical works, and performing them live, for more than a decade.

25. Plaintiff actively promotes his work, including the composition and recording that is the subject of this dispute online, on radio, through streaming and online sales, physical sales, radio appearances and live performance.

26. Plaintiff is the creator/composer and copyright holder in the 2015 composition and sound recording entitled "LoCo" that was registered on July 28, 2015 with the US Copyright Office in 2015 under registration number, *SRU001224689*.

27. To date, LoCo has been viewed more than 16,000 times on the Youtube.com ("Youtube") platform on Plaintiff's Youtube channel, and was heavily promoted by Plaintiff in or about the time of its release, and thereafter. The recording has also been consistently available for download or streaming since its release. As such Defendants, had ready access to the original recording at all relevant times prior to the infringement alleged herein.

28. In or about May 2019, Def Jam recording artist Keenon Jackson a/k/a "YG" and Universal Music Group, and/or its affiliates released the recording "Go Loko".

29. Go Loko, released approximately four (4) years after Plaintiff's original copyrighted work, Loco, infringes upon Plaintiff's copyright by the interpolation of various elements of the sound recording, particularly the song's chorus/refrain and distinctive vocal hook, in order to create a derivative work, without Mr. Simmons consent or authorization.

30. Go Loko, in addition to its title, which is the basis for the aforementioned hook, contains substantially similar lyrical elements and themes, evidencing Defendants' access to Plaintiff's Original Copyrighted Work.

31. At all relevant times Plaintiff's work was properly registered and was also easily accessible on YouTube and various streaming services and was available for sale in various formats including via download. The work was also heavily promoted upon its release in 2015 on various social media platforms and otherwise.

32. Go Loko incorporates numerous musical and lyrical aspects of the copyrighted work LoCo, without properly crediting Plaintiff – despite crediting other third-parties for the use of "sampled" aspects of one or more other recordings.

33. Go Loko was an international hit, charting in numerous countries and was particularly successful in the United States. At its peak, the infringing recording Go Loko charted at 49 in US' Billboard Top 100. Go Loko was released as the second single from YG's album *[4Real 4Real](#)* on May 3, 2019 and a popular music video was released alongside the song. As of the date of this filing, the video has been viewed approximately 200 million times on YouTube platform. YG, "Go Loko" https://m.youtube.com/watch?v=y2cFkVfVf2Y

34. Since its release, Go Loko has also been certified "2 times platinum", selling an equivalent of 2,000,000 copies worldwide.

35. Go Loko has also been disseminated in various re-mixed versions and released at various times since the First Infringing Recording.

36. Go Loko has also been performed on high-profile television programs and in live performance since its release.

37. As of the date of this filing, Defendants' revenues earned from a combination of physical sales, online sales, streaming service revenues and live performance revenues is unknow; however, based upon public sales figures alone, upon information and belief, all Defendants have been unjustly enriched easily in excess of five million dollars, through the unauthorized use of Plaintiff's copyrighted work.

38. Plaintiff has placed Defendants on notice of the alleged infringement and Plaintiffs continue to use and sell the infringing work.

## **FIRST COUNT**
## **COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 106, *et seq***
## **(Direct, Contributory and Vicarious)**
## **(Against all DEFENDANTS)**

39. Plaintiff Simmons realleges, as if fully restated herein, his allegations set forth in paragraphs 1 through 38 of the Verified Complaint.

40. The legal or beneficial owner of an exclusive right under a copyright may institute an action for any infringement of that particular right committed while he or she is the owner of it. *See* 17 U.S.C. § 501(b).

41. Upon information and belief, Defendants have knowingly produced, reproduced, prepared derivative works based upon, distributed, and publicly perform Plaintiff's protected work or derivatives of Plaintiff's protected work without his consent.

42. Defendants' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and

distribute copies of Plaintiff's work, to create derivative works, and to publicly perform his work.

43. Defendants' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted work.

44. Defendants have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of LoCo.

45. Accordingly, Defendants have directly, contributorily, and vicariously infringed Plaintiff's copyrighted work.

46. Because of Defendants' infringing acts, Plaintiff is entitled to his actual damages and Defendants' profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act.

47. Defendants' infringement has also caused and is causing irreparable harm to Plaintiff, for which she has no adequate remedy at law. Unless this Court restrains Defendants from infringing Plaintiff's protected work, the harm will continue to occur in the future. Accordingly, Plaintiff is entitled to preliminary and permanent injunction.

## SECOND COUNT
## UNJUST ENRICHMENT
## (AS TO ALL DEFENDANTS)

48. Plaintiff realleges, as if fully restated herein, the allegations set forth in paragraphs 1 through 47.

49. Through their ongoing, repeating, knowing, willful and/or reckless infringement on Simmons' copyright and unfair competition via release of the First Infringing Recording and

Subsequent Infringing Recordings, each of the defendants named herein unjustly obtained profits related to Recordings.

50. As a result of their actions, Defendants herein were improperly and unjustly enriched by payments received from sale of the First Infringing Recording and Subsequent Infringing Recordings as set forth herein.

51. Defendants have failed to account for and return to Plaintiff the value of the benefits the Defendants derived therefrom.

52. As a result of Defendants' wrongful acts and omissions as described above, Defendants have been unjustly enriched at the expense of Simmons.

53. Plaintiff demands restitution and judgment against Defendants herein jointly and severally for compensator and punitive, together with interest, attorneys' fees and the costs of this action.

### THIRD COUNT
### SEEKING LEAVE TO AMEND AGAINST FICTITIOUS PERSONS AND ENTITIES
### (AS AGAINST JOHN DOES 1-10 and XYZ CORPORATIONS 1-10)

54. Plaintiff realleges, as if fully restated herein, the allegations set forth in paragraphs 1 through 53.

55. At all times relevant hereto, there may have been unidentified entities and/or individuals who produced, contributed to, or acted as agents of, the defendants named herein in causing the creation and release of said recordings which infringed upon Plaintiff's copyright and constituted unfair competition.

56. These unknown entities and/or individuals have been designated in the caption of this Complaint as John Does 1-10 and XYZ Corporations 1-10 (said names being fictitious) and are included herein for the for the specific purpose of tolling the Statute of Limitations.

57. As a direct and proximate consequence of the unlawful actions by these defendants, Plaintiff was caused to suffer significant monetary damages, and was otherwise harmed by these defendants.

58. Plaintiff therefore seeks all applicable compensatory damages, statutory and/or punitive damages, attorneys' fees and costs of suit against all such unidentified defendants.

59. Plaintiff reserves the right to amend this Complaint in the event the aforementioned unidentified entities and/or individuals who are responsible in this matter are identified.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tyrone Simmons demands relief in an Order:

(a) Permanently enjoining Defendants from the enjoining and restraining each of the Defendants and the Defendant's agents from disposing of any copies of the defendant's Recordings by sale or otherwise and from performing the song entitled "Go Loko" publicly pending the resolution of this matter;

(b) declaring and adjudging that Defendants infringed upon rights in federally registered copyrights under 17 U.S.C. § 501;

(c) finding that defendants be held jointly and severally liable to plaintiff, and, pursuant to 17 U.S.C. § 504(b) account for and pay as damages to Plaintiff all profits and advantages gained from infringing upon Plaintiff's copyright interest, or, in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Simmons' copyrights;

(d) declaring and adjudging that Defendants committed unfair trade practices and unfair competition in selling the First Infringing Recording and Subsequent Infringing

Recordings, and Ordering that Defendants account for and pay as damages all profits and advantages gained from infringing Simmons' copyright;

(e) ordering pursuant to 17 U.S.C. § 503 that Defendants deliver for impoundment all copies of the Recordings in the defendant's possession or control and deliver for destruction all infringing copies and all original master recordings and any other materials used for making infringing copies;

(f) Defendants pay Plaintiff interest from the date of the release of said recordings, attorneys' fees and costs of suit;

(e) Plaintiff be awarded any other just and appropriate relief including, but not limited to, treble damages.

(f) Plaintiff be awarded judgment against all Defendants herein, jointly and severally for compensatory and punitive damages, and treble damages together with interest, costs of suit, attorneys fees; and,

(g) any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein so triable.

## **DESIGNATION OF TRIAL COUNSEL**

Louis D. Tambaro, Esq., is hereby designated as trial counsel in the within matter.

Date: December 9, 2021                              **OFFIT KURMAN, P.A.**
                                                    *Attorneys for Plaintiff*

                                                    /s/ *Louis D. Tambaro*
                                                    _____
                                                    Louis D. Tambaro (NJ Bar ID: 006862006)
                                                    99 Wood Avenue
                                                    Iselin, New Jersey
                                                    T. 732-218-1807
                                                    F. 732-218-1835